UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | 06-CR-709 (WJM) |
| **JOSEPH SERVIDIO** | OPINION |
| | HON. WILLIAM J. MARTINI |

Ronald D. Wigler
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

    (*Attorney for United States*)

Marco A. Laracca
Bio & Laracca
331 Central Avenue
Orange, NJ 07052

    (*Attorney for Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.**:

Defendant has filed a motion asking the Court to reconsider his sentence. Defendant argues that the Court should grant him a downward variance from his guideline sentence to account for Defendant's pretrial detention in Passaic County Jail, a notably deplorable institution. However, because Defendant's motion does not allege any error or miscalculation and requests merely a redetermination of his sentence, it does not constitute relief allowed by any statute or rule of criminal procedure. The Court is accordingly without jurisdiction to consider it.

I.   FACTS AND PROCEEDINGS

In 2006 Defendant was arrested for drug-related charges and detained pretrial in Passaic County Jail, a notably deplorable institution. Defendant eventually pled guilty to these charges, and this Court sentenced him to five years in prison. At sentencing, the Court did not consider the conditions of Defendant's pretrial confinement.

Defendant now moves for a reconsideration of his sentence. He argues that the time he spent in Passaic County Jail entitles him to a downward variance in the sentencing guidelines under 18 U.S.C. § 3553(a). Notably, Defendant does not argue that the Court erred in determining or calculating his sentence or that his sentence was illegal.

II.   DISCUSSION

The Court is without jurisdiction to consider Defendant's motion. A district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure. United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007); see 18 U.S.C. § 3582(c). As explained above, Defendant asks this Court to simply redetermine whether he should receive a variance from his guideline sentence under 18 U.S.C. § 3553(a). The Court is aware of no statute or rule of

criminal procedure that permits such a redetermination. <u>See generally</u> 18 U.S.C. § 3582(c)(1)(A)(i) (allowing modification of an imposed term of imprisonment upon consideration of § 3553(a) factors but only upon motion of the Director of the Board of Prisons); § 3582(c)(2) (allowing modification of an imposed term of imprisonment where the initial term was based on a sentencing range that has subsequently been lowered by the Sentencing Commission); 28 U.S.C. § 2255(a) (allowing a prisoner to attack his sentence on the grounds that it was illegal or that the rendering court was without jurisdiction); Rule 35 (allowing reduction of a sentence to correct clear error or to compensate a Defendant for his substantial assistance).  Accordingly, the Court is without jurisdiction to consider Defendant's motion.

    An Order accompanies this Opinion**.**

                                                        s/ William J. Martini

                                                        **William J. Martini, U.S.D.J.**